**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Gawlik | No. CV 12-1946-PHX-RCB (BSB) |
| Plaintiff, | **O R D E R** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

## I. Procedural History

On August 17, 2012, Plaintiff Brian Gawlick, who is represented by attorney Melinda M. Sloma, filed a Complaint in the Superior Court of Pinal County, Arizona, against Defendants State of Arizona, Arizona Department of Corrections, ASPC Florence Prison, Warden Ernest Trujillo, Deputy Warden Edwin Lao, Corrections Officers Jeffrey Annis and Jane Doe Waits, Corrections Officer II John Doe Barden, Sergeants John Doe Duron and John Doe Halstead, Nurse Delinda Hayes, and a variety of fictitiously named defendants. On September 13, 2012, Defendant Ernie Trujillo, who is represented by Assistant Attorney General Joseph D. Estes, filed a Notice of Removal (Doc. 1).

## II. Removal

A state court defendant may remove to federal court any civil action brought in the

**TERMPSREF**

state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). Plaintiff brings his lawsuit pursuant to 42 U.S.C. § 1983 and Arizona law. This Court's jurisdiction extends to such claims. 28 U.S.C. §§ 1331, 1343(a). Removal, therefore, is appropriate.

## III.   Procedural Defect

All proper defendants in a state-court action must join in or consent to the notice of removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir.1999), *superceded in unrelated part by statute as stated in* Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006). Defendant Trujillo indicates on the Supplemental Cover Sheet (Doc. 1-4) that Defendants Manuel Duron and State of Arizona were served prior to removal,[1] but nothing in the Notice of Removal states or suggests that these Defendants have joined in or consented to the removal.

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." Id. Defendant Trujillo has failed to do so. The Notice of Removal, therefore, appears to be procedurally defective. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

However, this defect is waiveable, see Vasquez v. North County Transit Dist., 292 F.3d 1049, 1060 n.5 (9th Cir. 2002), and the Court cannot *sua sponte* remand based on a non-jurisdictional defect in removal. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1193 (9th Cir. 2003). Because Plaintiff did not file a timely motion to remand, the Court will proceed to screen Plaintiff's Complaint.

## IV.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

---

[1] Defendant Trujillo also alleges that Kevin Curran was served prior to removal. This individual is not a named defendant in this lawsuit.

1 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2 be granted, or that seek monetary relief from a defendant who is immune from such relief.
3 28 U.S.C. § 1915A(b)(1), (2).

4 **V.     Complaint**

5 In his Complaint, Plaintiff raises claims under 42 U.S.C. §§ 1983 and 1985 and
6 Arizona tort law regarding an alleged assault and battery by Defendant Annis, Defendants'
7 conduct after the incident, and Defendants' response, or lack thereof, to Plaintiff's medical
8 needs after the incident.  In his Request for Relief, Plaintiff seeks declaratory relief,
9 monetary damages, and his costs and attorney's fees.  The Court will require Defendants to
10 answer the Complaint.

11 **IT IS ORDERED:**

12 (1)     Defendants must answer the Complaint or otherwise respond by appropriate
13 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
14 Rules of Civil Procedure.

15 (2)     Any answer or response must state the specific Defendant by name on whose
16 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
17 does not identify the specific Defendant by name on whose behalf it is filed.

18 (3)     This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules
19 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
20 under 28 U.S.C. § 636(b)(1).

21 DATED this 24th day of October, 2012.

22
23
24 _____
Robert C. Broomfield
25 Senior United States District Judge
26
27
28