**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Gawlik,<br><br>           Plaintiff,<br><br>    vs.<br><br>Arizona, State of, et al.,<br><br>           Defendants. | No. CV 12-1946-PHX-RCB (BSB)<br><br>**O R D E R**<br><br>**AND**<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

Plaintiff Brian Gawlik, an inmate who is represented by counsel, brought this is civil rights case against numerous Defendants regarding incidents occurring at Arizona State Prison Complex (ASPC) Eyman. Plaintiff's Complaint raises federal and state claims and was initially filed in the Superior Court in Maricopa County. Defendants removed the case to the United States District Court for the District of Arizona.[1] Defendants now move to dismiss multiple Defendants and counts on various grounds. (Doc. 4.)

The Court will grant the motion as to some claims in Count I and direct the parties to file supplemental briefing with supporting documentation on the argument that Plaintiff failed to exhaust administrative remedies on his remaining federal claims. The Court will reserve decision on Defendants' additional arguments raised in the Motion to Dismiss until resolution of the exhaustion issue.

. . .

---

[1] The Complaint was not screened pursuant to 28 U.S.C. § 1915A.

## I.     Background

In his Complaint, Plaintiff alleges that on August 21, 2011, Correctional Officer Annis "forcefully walk[ed] Plaintiff out of the dining hall, using Plaintiff's body as a 'battering ram' to slam open the heavy door on the way out of the building," and then "took Plaintiff's bicep and body—maliciously, sadistically and without provocation—smashed his head face-first, against the brick wall of the Health Care building." (Doc. 1-2 ¶¶ 50, 58.) This resulted in a sprained foot and multiple facial fractures. (Id. ¶ 132.) Plaintiff further alleges, *inter alia*, that Defendants failed to provide him medical care and ignored his requests for care.

Count I is brought pursuant to 42 U.S.C. § 1983 and alleges an Eighth Amendment violation by Annis for the assault (id. ¶ 197); an Eighth Amendment violation by the State, Trujillo, and Lao for policies and practices that subjected Plaintiff to a substantial risk of serious harm from inadequate health care and supervision of subordinates (id. ¶ 195); and an Eighth Amendment violation by Annis, Duran, Barden, Halstead, Waits, and Hayes for deliberate indifference to Plaintiff's serious medical needs (id. ¶ 196.)

Count II is brought pursuant to 42 U.S.C. § 1985 and alleges a conspiracy under color of law by Annis, Duron, Barden, Halstead, Waits, Hayes and other unnamed officers to deprive Plaintiff of "equal protection of the law pursuant to the Eighth Amendment" by failing to properly report the initial assault and battery, failing to later file reports of the incident, failing to discipline Annis, failing on numerous occasions to provide Plaintiff with necessary and timely medical attention, failing to respond to Plaintiff's requests for aid, and wrongfully filing documents to reflect that Plaintiff was seen by a health care provider on August 22, 2011, when he was not (id. ¶¶ 204-205); and a conspiracy by Annis, Duron, and others who threatened to write-up Plaintiff for requesting medical attention and who did not file a report about the assault (id. ¶ 206).

Count III is a state law claim for assault by Annis.

Count IV is a state law claim for battery by Annis.

Count V is a state-law claim for negligence, gross negligence, and professional negligence by the State and unspecified individual Defendants for failing to exercise care,

skill, and due diligence during "the processing, classification, housing and responses to Plaintiff's concerns regarding his safety. . . ." (id. ¶ 219, see also ¶¶ 221, 224).

Count VI is a state-law claim for intentional infliction of emotional distress by Annis for the assault (id. ¶ 228); by Annis, Duron, Barden, Halstead, Waits, Hayes and John and Jane Doe Defendants for the assault and deliberate indifference to Plaintiff's medical needs (id. ¶¶ 229, 230).

Count VII is a state-law claim for negligent infliction of emotional distress by Annis, Duron, Barden, Halstead, Waits, and Hayes in covering up the assault and battery and ignoring Plaintiff's medical needs (id. ¶ 233).

Count VIII is a state-law claim for false imprisonment by Annis because the assault constituted unlawful restraint (id. ¶¶ 237-239.)

Plaintiff seeks damages, including punitive damages.

## II. Motion to Dismiss–Federal claims

### A. Legal Standard–Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Parties' Contentions

Defendants assert that Plaintiff failed to exhaust his administrative remedies relating to his § 1983 claims. (Doc. 4 at 7.) The ADC administrative remedies procedure is governed by Department Order (DO) 802: Inmate Grievance Procedure, effective 7/13/09, as modified by Director's Instruction (DI) 287, effective 5/28/10. (Doc. 4 at 7, Exs. B and C, Decls. of Aurora Aguilar and Juliet Respicio-Moriarty.) DO 802 provides that an inmate may use the grievance process for "complaints related to any aspect of institutional life or condition of confinement that directly and personally affects the inmate grievant including Department Orders, Director's Instructions, Institution and Post Order, Technical Manuals and written instructions, procedures and the actions of staff." (Aguilar Decl. ¶ 4.) Copies of DO 802 and DI 287 are available to all inmates in the library of each unit. (Id. ¶ 9.) Under DO 802 and DI 287, there is a process for nonmedical grievances and one for medical grievances. (Id. ¶ 5, Respicio-Moriarty Decl. ¶ 5.) The final step for both nonmedical and medical grievances is an appeal to the Director. (Doc. 4 at 7.) The Director's response is final, thus exhausting available administrative remedies for both nonmedical and medical grievances. Defendants contend that failure to appeal an issue through to the Director's level constitutes a failure to exhaust the administrative remedies.

If an inmate exhausts his administrative remedies by appealing to the ADC Director, there will be a record of it in the Grievance Appeal Log and the Grievance Appeal File. (Aguilar Decl. ¶ 10.) Aguilar attests that she examined the Grievance Appeal Log and File with regard to Plaintiff's claims that (1) on August 21, 2011, Defendant Annis assaulted him, (2) that he was denied medical treatment after the alleged assault, and (3) ADC staff behaved inappropriately or failed to follow procedure with respect to the alleged assault. (Id. ¶ 11.) Respicio-Moriarty attests that she examined the Medical Grievance Appeal Log to determine if Plaintiff exhausted his administrative remedies with regard to his claims that Defendants denied him medical treatment after an alleged beating on August 21, 2011, or any other claim related to the alleged beating. (Respicio-Moriarty Decl. ¶ 9.) Defendants note that Plaintiff admits in his Complaint that he only appealed to the Warden, not the Director.

- 4 -

Plaintiff argues that he exhausted his administrative remedies and that dismissal for failure to exhaust is without prejudice. (Doc. 8 at 8.) He further claims that he must be given an opportunity to overcome the deficiency. (Doc. 8 at 8-9, citing Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir. 1970).) Although Plaintiff did not plead that he appealed to the Director, he did so on August 26, 2011 and November 18, 2011. (Id. at 9, Ex. 2.) Plaintiff asks that if the Court finds the issue of exhaustion dispositive, he be given an opportunity to amend his Complaint to allege that he appealed to Ryan. (Id.)

Defendants reply that Plaintiff's inclusion of an undated and unexecuted grievance appeal form and an inmate letter do not support his claim that he properly appealed the issues to the Director. (Doc. 11 at 5-6.) Furthermore, Plaintiff admits in his Complaint that he did not exhaust his administrative grievances.

**B.    Analysis**

The Court finds that Defendants have met their burden to demonstrate the availability of an administrative remedy and that Plaintiff failed to properly exhaust his remedies as to most of the claims in Count I. However on this record, the Court cannot determine if Plaintiff exhausted remedies regarding the assault, so the Court will reserve its decision pending receipt of supplemental briefing.

In his Complaint, Plaintiff alleges that he exhausted his administrative remedies beginning in August 2011 and went through the requisite appeals process. (Doc. 1-2 ¶ 31.) He further asserts that he was informed on September 15, 2011 that the issue was under administrative review; he then appealed to the warden and was subsequently informed on April 9, 2012, that the Meadows Unit Administration "has imposed commensurate action (disciplinary)" regarding the assault. (Id.) Neither party attaches these documents to the pleadings. Plaintiff provides two documents addressed to the Director: one is an Inmate Letter dated August 26, 2011, and the other is an Inmate Grievance Appeal dated as received

- 5 -

on November 8, 2011.[2] The August 26 Inmate Letter clearly does not satisfy the exhaustion requirement because it is not a Grievance Appeal and was filed the same month or may be the same document referred to in the Complaint as beginning the grievance procedure. Ngo requires proper exhaustion in accordance with the applicable grievance-procedure rules. Ngo, 548 U.S. at 92. The appeal to the Director is the *last* step for a non-medical claim, and the August 26 Inmate Letter is out of sequence.

The document dated as received on November 8 is difficult to read but states, in part that on October 21, 2011, Plaintiff received a response to his original grievance regarding the staff assault. (Doc. 8, Ex. 2.) The response stated that he could not file a grievance on the matter until the investigation was completed. Plaintiff further stated in the appeal that per policy, an inmate has 10 days to file. After no response, Plaintiff filed an Appeal to the Complex Warden, which also received no response, so in accordance with the policy, Plaintiff appealed to the director level. The document shows that it was received on November 8, 2011 by a CO III, Badge # 2130. (Id.) It is unclear what happened to it after that, and the Court does not have any other grievance documents. Exhaustion on the assault claim may depend on the response regarding an investigation. See Brown v. Valoff, 422 F.3d 926, 936-38 (2005). On this record, the Court cannot say that Defendants have met their burden to establish that Plaintiff did not exhaust administrative remedies as to the assault claim.

But the grievance appeal raises only the issue of the assault. It does not mention failure to provide health care or anything regarding policies and practices that subjected Plaintiff to a substantial risk of serious harm from inadequate health care and supervision of subordinates. When a prison's grievance procedures do not specify the requisite level of factual detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin, 557 F.3d at 1120. The Court finds that the grievance appeal about a specific assault on Plaintiff would not alert prison officials regarding the claims of

---

[2] Plaintiff need not amend his Complaint regarding exhaustion under the PLRA; as an affirmative defense, exhaustion need not be alleged in a complaint. Jones, 549 U.S. at 212.

- 6 -

health care or policies subjecting Plaintiff to a substantial risk of harm. Those claims will be dismissed for failure to exhaust administrative remedies. As to Plaintiff's request that he be given the opportunity to overcome any deficiency, Potter relates only to amendment of a deficient complaint. Potter, 433 F.2d at 1088. The PLRA mandates that an inmate exhaust remedies *before* filing a lawsuit; exhausting remedies during the course of the lawsuit does not comply with the requirement. McKinney v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002).

In addition, the PLRA requires exhaustion of administrative remedies regarding prison conditions not just for claims under § 1983 but for claims under any federal law. 42 U.S.C. § 1997e(a) ( "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); see O'Guinn v. Lovelock Correctional Ctr., 502 F.3d 1056, 1061 (9th Cir. 2007) (although the plaintiff did not bring claims under § 1983, "[b]ecause the ADA and Rehabilitation Act are federal laws, the plain language of the PLRA requires that prisoners bringing an action under these federal statutes challenging prison conditions must first exhaust available administrative remedies."). Plaintiff's claims under 42 U.S.C. § 1985 are also federal claims and are, therefore, subject to the exhaustion requirement. See Martinez v. Calif., 2009 WL 649892, at *11 (E.D. Cal. Mar. 11, 2009). It is unclear whether Defendants assert the failure to exhaust the § 1985 claims for conspiracy. For example, Aguilar attests that she searched for grievances complaining that ADC staff behaved inappropriately or failed to follow procedure with respect to the alleged assault and Respicio-Moriarty searched for grievances regarding any claim related to the alleged beating. Certainly the only document provided to the Court that might constitute a Director Appeal—the Grievance Appeal received on November 8, 2011—does not refer to any conspiracy or failure to properly report the assault or failure to provide Plaintiff with necessary and timely medical attention, or threatening to write-up Plaintiff.

But because this issue was not clearly raised in the Motion to Dismiss and because

further clarification is required as to exhaustion on the assault claim in Count I, the Court will direct Defendants to file supplemental briefing, with necessary evidentiary support, on the remaining exhaustion issues within 15 days. Plaintiff will be given 15 days to respond. The Court will not rule at this time on the remaining arguments in the Motion to Dismiss because if Plaintiff did not exhaust his administrative remedies on the federal claims, they will be dismissed. At that point, the Court will decline supplemental jurisdiction on the state law claims and remand the case to the Superior Court in Maricopa County. See 28 U.S.C. § 1367(c)(3); Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 4).

(2) Defendants' Motion to Dismiss (Doc. 4) is **granted in part**; **all claims in Count I other than the claim for assault are dismissed without prejudice** for failure to exhaust administrative remedies.

(3) Within 15 days of the date of this Order, Defendants must file additional briefing with supporting documentation on the issue of exhaustion of administrative remedies on the assault claim in Count I and the claims in Count II. Plaintiff may file a response within 15 days of Defendants' additional briefing, and Defendants may file a reply within 10 days of Plaintiff's response.

(4) The Clerk of Court must ensure that the docket reflects that the Motion to Dismiss (Doc. 4) is still pending.

DATED this 31st day of January, 2013.

Robert C. Broomfield
Senior United States District Judge