WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Gawlik,<br><br>            Plaintiff,<br><br>    vs.<br><br>Arizona, State of, et al.,<br><br>            Defendants. | No.  CV 12-1946-PHX-RCB (BSB)<br><br>**O R D E R** |

Plaintiff Brian Gawlik, an inmate who is represented by counsel, brought this is civil rights case against numerous Defendants regarding incidents occurring at Arizona State Prison Complex (ASPC) Eyman. Plaintiff's Complaint raises federal and state claims and was initially filed in Maricopa County Superior Court.  Defendants removed the case to the United States District Court for the District of Arizona.[1]  Defendants move to dismiss multiple Defendants and counts on various grounds.  (Doc. 4.)

On January 31, 2013, the Court granted the motion as to most claims in Count I and directed the parties to file supplemental briefing with supporting documentation on the argument that Plaintiff failed to exhaust administrative remedies on his remaining federal claims. (Doc. 15.)  Specifically, those remaining federal claims are the 42 U.S.C. § 1983 claim for assault in Count I and the 42 U.S.C. §1985 conspiracy claim in Count II. The Court reserved decision on Defendants' additional arguments raised in the Motion to

---

[1] The 52-page Complaint was not screened pursuant to 28 U.S.C. § 1915A.

Dismiss until resolution of the exhaustion issue as to all federal claims. (Doc. 15.)

On filing their reply to the Supplemental briefing, Defendants withdraw their motion to dismiss for failure to exhaust administrative remedies as to the assault.[1] (Doc. 42.) Because they concede for the purposes of this motion that Plaintiff exhausted as to one of his federal claims, Count I, the Court will also now address the remainder of the arguments in the Motion to Dismiss. (Doc. 4.)

The Court will grant the motion in part and deny it in part.

In addition, Defendant Annis separately moves to dismiss. (Doc. 24.) He argues that (1) Plaintiff did not serve him with a Notice of Claim as required by state law; (2) he is not a proper Defendant in the state tort claims; (3) Plaintiff fails to state a claim under 42 U.S.C. § 1985; and (4) Plaintiff did not exhaust his administrative remedies. (*Id.*) The Court will grant the motion in part and deny it in part.

**I.   Background**

In his Complaint, Plaintiff alleges that on August 21, 2011, Correctional Officer Annis "forcefully walk[ed] Plaintiff out of the dining hall, using Plaintiff's body as a 'battering ram' to slam open the heavy door on the way out of the building," and then "took Plaintiff's bicep and body—maliciously, sadistically and without provocation—smashed his head face-first, against the brick wall of the Health Care building." (Doc. 1-2 (Compl.) ¶¶ 50, 58.) This resulted in a sprained foot and multiple facial fractures. (*Id.* ¶ 132.) Plaintiff further alleges, *inter alia*, that Defendants failed to provide him medical care and ignored his requests for care.

Count I is brought pursuant to 42 U.S.C. § 1983 and alleges an Eighth Amendment violation by Annis for the assault. (*Id.* ¶ 197.)[2]

---

[1] They assert that exhaustion as to the assault would require a credibility determination not properly before the Court on a motion to dismiss; Defendants reserve the right to raise exhaustion as to this claim at a later time. (Doc. 42 at 1-2.)

[2] Plaintiff also raised an Eighth Amendment violation by the State, Trujillo, and Lao for policies and practices that subjected Plaintiff to a substantial risk of serious harm from inadequate health care and supervision of subordinates (id. ¶ 195); and an Eighth

- 2 -

Count II is brought pursuant to 42 U.S.C. § 1985 and alleges a conspiracy under color of law by Annis, Duron, Barden, Halstead, Waits, Hayes and other unnamed officers to deprive Plaintiff of "equal protection of the law pursuant to the Eighth Amendment" by failing to properly report the initial assault and battery, failing to later file reports of the incident, failing to discipline Annis, failing on numerous occasions to provide Plaintiff with necessary and timely medical attention, failing to respond to Plaintiff's requests for aid, and wrongfully filing documents to reflect that Plaintiff was seen by a health care provider on August 22, 2011, when he was not (*id.* ¶¶ 204-205); and a conspiracy by Annis, Duron, and others who threatened to write-up Plaintiff for requesting medical attention and who did not file a report about the assault (*id.* ¶ 206).

Count III is a state law claim for assault by Annis.

Count IV is a state law claim for battery by Annis.

Count V is a state-law claim for negligence, gross negligence, and professional negligence by the State and unspecified individual Defendants for failing to exercise care, skill, and due diligence during "the processing, classification, housing and responses to Plaintiff's concerns regarding his safety. . . ." (*Id.* ¶ 219, *see also* ¶¶ 221, 224).

Count VI is a state-law claim for intentional infliction of emotional distress by Annis for the assault (*id.* ¶ 228); by Annis, Duron, Barden, Halstead, Waits, Hayes and John and Jane Doe Defendants for the assault and deliberate indifference to Plaintiff's medical needs (*id.* ¶¶ 229, 230).

Count VII is a state-law claim for negligent infliction of emotional distress by Annis, Duron, Barden, Halstead, Waits, and Hayes in covering up the assault and battery and ignoring Plaintiff's medical needs. (*Id.* ¶ 233).

Count VIII is a state-law claim for false imprisonment by Annis because the

---

Amendment violation by Annis, Duran, Barden, Halstead, Waits, and Hayes for deliberate indifference to Plaintiff's serious medical needs (id. ¶ 196). These claims were dismissed for failure to exhaust administrative remedies. (Doc. 15. at 6-7.)

assault constituted unlawful restraint.  (*Id.* ¶¶ 237-239.)

Plaintiff seeks damages, including punitive damages.

## II. Defendants' Motion to Dismiss–Federal Claims

### A. Exhaustion

The only remaining exhaustion argument concerns the Count II claim under 42 U.S.C. § 1985.  Because the Court will dismiss Count II for failure to state a claim, the Court need not address the exhaustion argument at this time.

### B. Improper Defendant

#### 1. Arguments

Defendants argue that because a state is not a "person" for purposes of 42 U.S.C. § 1983, the Complaint fails to state a cause of action under 42 U.S.C. § 1983 as to the State of Arizona and thus this cause of action must be dismissed as to the State.  (Doc. 4 at 4.)

Plaintiff responds that the Eleventh Amendment bars such suits *unless the State has waived its immunity . . . .*" (Doc. 8 at 5, citing *Welch v. Texas Dept. of 2310 Highways and Public Transportation,* 483 U.S. 468, 472-73 (1987) (plurality opinion)(emphasis added) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).)  Plaintiff argues that Defendants filed their Notice of Removal on September 13, 2012 pursuant to Title 28 U.S.C. § 1441 thereby waiving their right to assert Eleventh Amendment Immunity and that the Supreme Court has directly ruled on this issue holding that a state's removal of a suit to federal court constituted a waiver of its right to assert Eleventh Amendment immunity.  (Doc. 8 at 5, citing *Lapides v. Bd. of Regents of the Univ. Sys. of Georg.*, 535 U.S. 613 (2002).)

Defendants respond that in *Lapides* the Supreme Court held that the waiver of the state's Eleventh Amendment immunity was limited to state-law claims as *Lapides*' only federal claim was under § 1983.  (Doc. 11 at 3.)  The Court upheld its prior decision that states are not "persons" for purposes of § 1983 claims. 535 U.S. at 617. Defendants conclude that because the State is not a "person" for purposes of § 1983, Count I must be dismissed as to the State.

- 4 -

**2.     Analysis**

The Court agrees with Defendants that the ruling in *Lapides* is limited to the waiver of immunity on the state law claims.  535 U.S. at 617.   The state is not a person for purposes of § 1983 and will be dismissed from Count I for assault, the only remaining § 1983 claim.  *See Will*, 491 U.S. at 66.

**C.     42 U.S.C § 1985 Claim**

**1.     Arguments**

Defendants argue that 42 U.S.C. § 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of the equal privileges and immunities under the law. 42 U.S.C. § 1985(3).  (Doc. 4 at 5.)  To state a claim, plaintiff must establish that a conspiracy existed to deprive him of equal protection of the law and that the conspiracy was based on discriminatory hostility toward the protected class.  Plaintiff's Complaint fails to allege that he is a member of a protected class.  (*Id.*)

Plaintiff asserts that it is "implicit" in his filing that he was invidiously discriminated against by the Defendants. (Doc. 8 at 6.)  He was the victim of a vicious assault by Annis and was deprived medical care by Defendants, Defendants failed to report the assault and failed to respond to Plaintiff's request for medical care and wrongfully filed documents falsely reflecting that he was seen by medical providers. (Compl. ¶¶ 205-06).  Plaintiff argues that his allegations are sufficient to state a claim for relief pursuant to § 1985 that is plausible on its face.  (Doc. 8 at 7.)

Defendants reply that Plaintiff defends his 42 U.S.C. § 1985 conspiracy claim with the conclusory assertion that he has "sufficiently alleged all four criteria necessary for a section 1985 cause of action." (Doc. 11 at 4; ref. Doc. 8 at 7.)   They assert that the Complaint alleges no facts demonstrating a deprivation of a constitutional right *motivated* by "some *racial*, or perhaps otherwise *class-based*, invidiously discriminatory animus behind the conspirators' action." (*Id.* at 4, citing *Sever v. Alaska Pulp Corp*, 978 F.2d 1529, 1537 (9th Cir. 1992)(emphasis added)).

///

**2. Analysis**

The Court will dismiss Count II because the Complaint does not state a claim under § 1985.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The only provision of 1985 that can apply here is § 1985 (3): depriving persons of rights or privileges.[3] To state a claim under 42 U.S.C. § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971).

---

[3] Section (1) is "preventing an officer from performing duties" and (2) is "obstructing justice; intimidating party, witness, or juror."

- 6 -

1    Additionally, there must be some "racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102.  To make the requisite showing of class-based animus "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1985).   The Ninth Circuit rule is that §1985(3) is extended beyond race "only when the class in question can show that there has been a governmental determination that its members 'require and warrant special federal assistance in protecting their civil rights.'"  *Sever*, 979 P.2d at 1536 (citations omitted).  The Ninth Circuit also requires "either that the courts have designated the class in question a suspect or quasi suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection. This rule operates against a background rule that 42 U.S.C. § 1985(3) is not to be construed as a general federal tort law." *Id.*, 978 F.2d at 1537.

Plaintiff has failed to allege in his Complaint that he is a member of such a class, nor does he argue in opposition that he is a member of such a class.  Count II will be dismissed.

### D.    42 U.S.C. § 1983 Claim Against Defendants Waits, Lao and Trujillo

Defendants assert that Plaintiff does not state a  § 1983 claim insofar as he asserts that policies and practices described herein, subjected Plaintiff to a substantial risk of serious harm and injury from inadequate health care and supervision of subordinates," and "with a deliberate indifference to Plaintiff's serious medical needs, failed to provide medical attention." (Doc. 4 at 8; ref. Compl. ¶¶ 11, 13, 17, 195 and 196.)

The Court need not address this argument because it relates either to the Count I claims that have been dismissed for failure to exhaust administrative remedies or to the claims in Count II, which will be dismissed.

### E.    Qualified Immunity for Defendants Loa and Trujillo

Defendants argue that Loa and Trujillo are entitled to qualified immunity because when correctional officers follow policy in performing their work, courts have recognized

that qualified immunity applies.  (Doc. 4 at 14-15, *citing Yellow Horse v. Pennington County*, 225 F.3d 923, 927-28 (8th Cir. 2000) (affirming summary judgment for prison guard because inmate could point to no evidence showing a failure to follow prison policies when releasing inmate from suicide watch).

The Court need not address this argument because it relates to the claims already dismissed in Count I.

**III.  Defendants' Motion to Dismiss---State Claims**

    **A.  Punitive Damages Against State**

        **1.  Arguments**

Defendants assert that although Plaintiff seeks an award of punitive damages against the State, under Arizona Revised Statute § 12-820.04 "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages."  (Doc. 4 at 4.)

Plaintiff responds that although the Court may rule that Plaintiff's claims against the State of Arizona for punitive damages is statutorily barred pursuant to § 12-820.04, Plaintiff's claim for punitive damages must proceed against all other named Defendants at this early stage in the case because courts have held that punitive damages should not be determined at the pleading stage: whether an action "rises to the sort of morally culpable conduct that justifies a punitive damages is an issue that must remain unresolved at this stage of litigation." (Doc. 8 at 6, *citing Clark v. Allstate Ins. Co*., 106 F. Supp. 2d 1016, 1020 (S.D. Cal. 2000).)

Defendants reply that Plaintiff has conceded that his claim against the State is barred by § 12-820.04.  (Doc. 11 at 4.) Thus, Plaintiff's demand for punitive damages against the State must be dismissed.

        **2.  Analysis**

For the reasons stated by Defendants, claims for punitive damages against the State are dismissed.

///

### B.     Improper Defendants

#### 1.      Arguments

Defendants assert that the only proper defendant in an action filed by a prison inmate under state law alleging wrongdoing by prison employees is the State of Arizona. (Doc. 4 at 3.) Pursuant § 31-201.01(F) "Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department [of Corrections], within the scope of their legal duty, *shall run only against the state*." Ariz. Rev. Stat. § 31-201.01(F) (emphasis added); *Howland v. State*, 818 P.2d 1169, 1173 (Ariz. App. 1991). They conclude that Plaintiff's state-law claims---Counts III, IV, V, VI, VII and VIII---against all individual Defendants must be dismissed. (Doc. 4 at 3.)

Plaintiff argues that the State of Arizona is liable for the wrongdoing of prison employees: "Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, *within the scope of their legal duty*, shall run only against the state." (Doc. 8 at 4, citing A.R.S. § 31-201.01 (F) (emphasis added). He asserts that a Plaintiff may *also* sue individual employees for actions taken outside the scope of their legal duties. (Doc. 8 at 4, citing *Howland v. State*, 818 P.2d 1169, 1173 (Ariz. App. 1991). Therefore, the state law claims against Defendants cannot be dismissed because they are being sued in both their professional and personal capacities, and Plaintiff pled that the individual Defendants were not only liable within the scope of their legal duty, but that they were also personally liable to Plaintiff for their tortious actions. (Doc. 8 at 4.)

Defendants reply that Plaintiff acknowledges that the individual Defendants are not proper parties to his State law tort claims that arise out of the scope of their legal duty. (Doc. 11 at 2.) They assert that the Complaint fails to adequately plead State law claims arising outside the scope of the individual Defendants' legal duties. "Conduct falls within the scope [of employment] if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employers business even if the employer has expressly forbidden it." (Doc. 11 at 2, quoting *Baker*

*ex rel Hall Brake Supply Inc. v. Stewart Title & Trust*, 5 P.3d 249, 254 (Ariz. App. 2000).) Defendants argue that all Plaintiff's allegations fall within Defendants' various scopes of employment and that everything Defendants allegedly did had to do with the prison system and its administration. (Doc. 11 at 2.) Plaintiff's state-law claims---Counts III, IV, V, VI, VII and VIII---against all individual Defendants must be dismissed.

### 2. Analysis

The Court will dismiss the individual Defendants from all state-law claims. State law clearly provides that

> "Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department [of Corrections], within the scope of their legal duty, *shall run only against the state*."

Ariz. Rev. Stat. § 31-201.01(F) (emphasis added). As Defendants note "[c]onduct falls within the scope of employment if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it." *Baker*, 5 P.3d at 254. Plaintiff's citation to *Howland* is not helpful as *Howland* offers no definition of action taken outside the scope of an employee's legal duty. Moreover, Plaintiff points to no conduct by any Defendant that is not of the kind the employee is employed to perform, did not occur within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it. The Court also notes that Plaintiff's Notice of Claim asserts that the individuals named were "public employees acting within the course and scope of their employment." (Doc. 31 Ex. 3.)

### C. Battery Claim

#### 1. Arguments

Defendants assert that Arizona no longer has a common law claim for battery as "common law definitions of assault and battery no longer exist . . . common law crime of battery is included in the assault statute, A.R.S. §13-1203(A)." (Doc. 4 at 5, quoting

1  *State v. May*, 669 P.2d 616, 620 (Ariz. App. 1983); *State v. Mathews*, 633 P.2d 1039,
2  1042 (Ariz. App. 1981).)

3  Plaintiff argues a claim for civil battery is valid under Arizona law "[t]o establish a
4  battery claim, a plaintiff must prove that the defendant intentionally caused a harmful or
5  offensive contact with the plaintiff to occur . . . the only harm [from a battery may be] the
6  affront to the plaintiff's dignity as a human being, the damage to his self-image, and the
7  resulting mental distress." (Doc. 8 at 7, quoting *Johnson v. Pankratz*, 196 Ariz. 621, 623, 2
8  P.3d 1266, 1268 (App. 2000) (internal citations omitted).)

9  Defendants do not reply regarding this defense.

### 2. Analysis

Plaintiff states a claim for battery. But the individual Defendants will be dismissed because the state is the only proper party.

### D. Intentional Infliction of Emotional Distress

#### 1. Arguments

Defendants argue that Count VI fails to state a claim for intentional infliction of emotional distress. There are no facts alleging that Defendants intended to cause emotional distress. (Doc. 4 at 12.) Whether a defendant's conduct may be regarded as extreme and outrageous is initially examined by the court as a matter of law. (*Id.* at 13. Restatement (Second) of Torts ("Restatement") § 46 cmt. h (1965). "A plaintiff must show that the defendant's acts were 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" (*Id.*, quoting *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz App. 1995) (citations omitted). Here, the allegations fail to show any outrageous conduct offensive to society. Defendants assert that Count VI must be dismissed, at a minimum as to Duron, Barden, Trujillo, Lao, Halstead, Waits and Hayes. (Doc. 4 at 13.)

Plaintiff responds that he alleged all of the elements of the intentional infliction of emotional distress claim. (Doc. 8 at 12.) He alleged that "Defendant (sic) Annis, Duron,

- 11 -

1 Barden, Halstead, Waits, and Hayes, unknown John and Jane Doe Defendants
2 intentionally caused Plaintiff's severe emotional distress." (Compl. ¶ 99). Plaintiff has
3 pled with specificity how he was brutally assaulted, denied medical care, denied
4 medication, threatened, informed that if he reported the assault he would be ticketed and
5 how prison staff failed to report Annis' assault. This conduct by Defendants rises to the
6 level of conduct "so extreme in degree, as to go beyond all possible bounds of decency . .
7 . ." (Doc. 8 at 13, citing *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563
8 (Ariz. App. 1995).)

9 Defendants reply that the Complaint alleges no facts that Defendants Duron,
10 Barden, Trujillo, Lao, Halstead, Waits and Hayes' actions were "extreme and
11 outrageous" or that they "intended" to cause emotional distress to Plaintiff. (Doc. 11 at
12 8.) Count VI must be dismissed, at a minimum as to Defendants Duron, Barden,
13 Trujillo, Lao, Halstead, Waits and Hayes.

### 2. Analysis

15 The Court will deny the motion to dismiss at to the claim for intentional infliction
16 of emotional distress as to the state. The Court finds that the allegations of assault,
17 denying medical care, and threats to discipline Plaintiff if he reported the assault are
18 sufficient to state a claim for intentional infliction of emotional distress.

### E. False Imprisonment

### 1. Arguments

21 In Count VIII, Plaintiff alleges that Defendant Annis intentionally "restrained
22 Plaintiff to the unmonitored area of the prison by both physically restraining Plaintiff and
23 exercising control over Plaintiff's freedom to leave…." (Doc. 4 at 13; ref. Compl. ¶ 237.)
24 To prove a false imprisonment claim a plaintiff must meet the following elements: (1)
25 The defendant acted with intent to confine another person within the boundaries fixed by
26 the defendant; (2) the defendant's act resulted in such confinement, either directly or
27 indirectly; and (3) the other person was conscious of the confinement or was harmed by
28 it." *Hart v. Seven Resorts, Inc.*, 947 P.2d 550, 553 (Ariz. App. Div. 1 1975). Defendants

1 argue that inmates do not have a liberty interest in placement in a particular institution
2 and Plaintiff cannot state a claim for false imprisonment.  (Doc. 4 at 13-14.)
3 　　　　Plaintiff argues that Defendants' citation to an inmate's liberty interest in a
4 particular institution or to a particular security classification is not instructive or relevant
5 because Plaintiff has not claimed false imprisonment based on his status as an
6 incarcerated inmate.  (Doc 8 at 13.)  His claim of false imprisonment is based on Annis'
7 illegal and unauthorized control of Plaintiff that served no penological purpose.  (*Id.*, ref.
8 Compl. ¶¶ 235-242.)
9 　　　　Defendants reply that Plaintiff's attempt to establish a claim for false
10 imprisonment while in prison is incredulous and that the claim is not supported or
11 warranted by existing law or a nonfrivolous argument for establishing new law. (Doc. 11
12 at 8.)  Plaintiff has failed to cite to any case or holding that provides an inmate with a
13 liberty interest in his placement while in prison.

### 2. Analysis

15 　　　　The Court will dismiss the claim for false imprisonment.  Plaintiff cites to his
16 allegations in Count VIII that "Annis acted intentionally to restrain Plaintiff to the
17 unmonitored area of the prison by both physically restraining Plaintiff and exercising
18 control over Plaintiff's freedom to leave Defendant Annis's presence" and that he was
19 "unlawfully restrained by Defendant Annis for several minutes and was only released
20 when he laid unconscious for an unknown amount of time."  (Compl. ¶¶ 237, 238.) The
21 alleged "confinement" appears to be taking Plaintiff to an area outside the camera range
22 where he was allegedly beaten.  This is merely a conclusory recital of the elements of a
23 cause of action.  Plaintiff cites to no authority permitting a false imprisonment claim
24 under the circumstances alleged here.  The Court will dismiss the claim of false
25 imprisonment.
26 ///
27 ///
28 ///

### F. Defendant Curran

#### 1. Arguments

Although not listed as a named party, Defendant Curran was served with the Complaint under the guise of a "John Doe Deputy Warden." Defendants assert that Plaintiff has failed to allege any actions or inactions on the part of Defendant Curran. (Doc. 4 at 15.)

Plaintiff concedes that he has not alleged any actions or inactions as to Defendant Curran. (Doc. 8 at 16.) Plaintiff asserts that he will request leave to amend the Complaint at to Defendant Curran if it becomes warranted. (*Id.*)

Defendants argue that Plaintiff has conceded that no allegations have been made against Curran even though he was served with the Complaint under the guise of a "John Doe Deputy Warden." Defendant Curran should be dismissed with prejudice.

#### 2. Analysis

Curran will be dismissed.

## IV. Defendant Annis' Motion to Dismiss

Annis asserts that Plaintiff fails to state a claim under 42 U.S.C. § 1985; the Court has already ruled on this and will dismiss Count II. In addition, Annis argues that Plaintiff failed to exhaust administrative remedies; Annis did not make a separate argument on this issue but, instead, joined Defendants' Motion. (Doc. 24 at 6.) Defendants have withdrawn their motion as to the assault claim. Therefore, the Court will deny the motion to dismiss as to the assault claim in Count I.

In addition, because Plaintiff asserts that Annis's minor daughter was served with the Notice of Claim on February 12, 2012, Annis has withdrawn his argument that he was not timely served a Notice of Claim. (Doc. 37 at 1.) Finally, Annis argues that the Notice of Claim does not assert individual claims against him and that pursuant to Ariz. Rev. Stat. 31-201.01(f) the only proper Defendant for the state law claims is the State of Arizona. The Court has already ruled that individual Defendants are not proper Defendants to the state law claims.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 4) and Defendant Annis's Motion to Dismiss (Doc. 24). All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

(2) Defendant's Motion to Dismiss (Doc. 4) is **granted in part and denied in part** as follows:

    (a) The State is dismissed as to Count I;

    (b) Count II is dismissed;

    (c) Defendants Trujillo, Lao, Duran, Barden, Halstead, Waits, and Hayes are dismissed;

    (d) Claims for punitive damages against the State are dismissed;

    (e) Count VIII for false imprisonment is dismissed;

    (f) The individual Defendants are dismissed from Counts III through VII;

    (g) Defendant Curran is dismissed without prejudice; and

    (h) The Motion is denied as to the claims for battery and intentional infliction of emotional distress and denied without prejudice as to exhaustion of remedies on the remaining federal claims.

(3) Defendants Annis's Motion to Dismiss (Doc. 24) is **granted in part and denied in part** as follows:

    (a) **denied without prejudice** as to dismissal for failure to exhaust administrative remedies;

    (b) **granted** as to dismissal of Count II, granted as to his dismissal from the state law claims.

(4) The remaining claims are:

    (a) Count I against Annis for assault, pursuant to § 1983; and

///

1         (b)    Counts III through VII against the State of Arizona.

2   DATED this 30th day of May, 2013.

                                              _____
                                              Robert C. Broomfield
                                              Senior United States District Judge

- 16 -